**IN THE UNITED STATES
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**
TAMPA DIVISION

Case No. 8:23-CV-00462-MSS-AEP

TONY NGOC NGUYEN,

      Plaintiff,

v.

WALMART INC., D/B/A/ WALMART
SUPERCENTER #967; DAVID
PETTIGREW, AND DEPUTY
MICHAEL MCNEELEY,

      Defendants.

_____/

## DEFENDANTS, WALMART INC., AND DAVID PETTIGREW'S, ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

      The Defendants, WALMART INC., D/B/A WALMART SUPERCENTER #967, and DAVID PETTIGREW (collectively, "Defendants"), by and through their undersigned counsel, hereby serve their Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Complaint [D.E. #2], and state as follows:

## ANSWER

### (PLAINTIFF'S) INTRODUCTION

      Defendants object to Plaintiff's "Introduction" paragraph because it violates Rule 8 of the Federal Rules of Civil Procedure in that it does not reflect a "short

and plain statement of the claim showing that the pleader is entitled to relief."

Notwithstanding the foregoing, to the extent the paragraph alleges wrongful or

actionable conduct by these Defendants and/or a response is otherwise required,

the paragraph is denied.

<u>PARTIES</u>

1.     Defendants are without knowledge as to the allegations set forth in

this paragraph.  As a result, the allegations are denied and strict proof thereof is

demanded.

2.     Defendants deny the allegations set forth in this paragraph as phrased.

More specifically, for informational purposes and without limiting the general

denial, Defendant Walmart, Inc., is a Delaware corporation and not an Arkansas

corporation, as is alleged.  Further, Defendant Walmart, Inc., operates in the

referenced county through the operating entity Walmart Stores East, LP.

3.     Defendants admit that Defendant Pettigrew is/was employed as a

Walmart "Asset Protection Associate" (not "Specialist," as the Complaint alleges).

Defendants admit the remaining allegations set forth in this paragraph.

4.     Upon information and belief, Defendants admit the allegations in this

paragraph.

## JURISDICTION AND VENUE

5.      Defendants admit the allegations set forth in this paragraph for jurisdictional purposes only, to the extent that this Honorable Court may hear the instant claims.  Defendants deny violations of all referenced statutes and/or that they committed any unlawful or actionable conduct.

6.      Defendants admit the allegations set forth in this paragraph for jurisdictional purposes only, to the extent that this Honorable Court may hear the instant claims.  Defendants deny violations of all referenced statutes and/or that they committed any unlawful or actionable conduct.

7.      Defendants admit the allegations set forth in this paragraph for purposes of venue only, to the extent that this Honorable Court may hear the instant claims.  Defendants deny violations of all referenced statutes and/or that they committed any unlawful or actionable conduct.

## (PLAINTIFF'S ALLEGED) BACKGROUND FACTS

Defendants deny the allegation set forth immediately preceding paragraph no. 8, that Plaintiff was "[p]rofiled as suspect shoplifters on November 6, 2022."

8.      Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

9.      Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

10.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

11.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

12.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

13.     Defendants admit that Walmart's policies do not authorize its associates to monitor or surveil a person solely based on race, color, ancestry, ethnicity, religion, sex, pregnancy, national origin, age, disability, marital status, veteran status, sexual orientation, genetic information, or any other legally protected status.  Defendants deny the remaining allegations set forth in this paragraph and strict proof thereof is demanded.

14.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

Defendants deny the allegation set forth immediately preceding paragraph no. 15.

15.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

16.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

17.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

18.     The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.  Defendants further deny the allegations set forth in this paragraph directed at/to these Defendants.

19.     The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.  Defendants further deny the allegations set forth in this paragraph directed at/to these Defendants.

20.     The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.  Defendants further deny the allegations set forth in this paragraph directed at/to these Defendants.

21.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

22.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

23.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

24.    The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

25.    The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

26.    Defendants deny the allegations set forth in this paragraph as phrased and further deny that there was any race-based motivation in their alleged actions or conduct.

27.     The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required from these Defendants, these Defendants are without knowledge as to the allegations set forth in this paragraph.  As a result, the allegations are denied and strict proof thereof is demanded.

28.     The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required from these Defendants, these Defendants are without knowledge as to the allegations set forth in this paragraph.  As a result, the allegations are denied and strict proof thereof is demanded.

29.     Defendants admit that Plaintiff previously shoplifted/stole from the Walmart store at issue, was arrested for that offense, was issued a trespass as a result of that offense, and was not permitted on the store's premises as a result thereof.  The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required from these Defendants, these Defendants are without knowledge as to the allegations against Defendant Michael McNeely as set forth in this paragraph.  As

a result, those allegations are denied and strict proof thereof is demanded. Otherwise, denied.

30.    Defendants admit that Plaintiff previously shoplifted/stole from the Walmart store at issue, was arrested for that offense, was issued a trespass as a result of that offense, and was not permitted on the store's premises as a result thereof.  The allegations in this paragraph directed to Defendant Michael McNeeley are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required from these Defendants, these Defendants are without knowledge as to the allegations against Defendant Michael McNeely as set forth in this paragraph.  As a result, those allegations are denied and strict proof thereof is demanded. Otherwise, denied.

31.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

32.    Defendants are without knowledge as to the allegations set forth in this paragraph.  As a result, the allegations are denied and strict proof thereof is demanded.

33.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

34.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

35.     Defendants are without knowledge as to the allegations set forth in this paragraph.  As a result, the allegations are denied and strict proof thereof is demanded.

36.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

<u>(PLAINTIFF'S ALLEGED) CLAIMS FOR RELIEF</u>

FIRST CLAIM FOR RELIEF
(42 U.S.C. SECTION 1981 – Against Defendants Walmart, Inc. and Pettigrew)

37.     Defendants hereby adopt, re-allege and incorporate by reference their responses to the allegations contained in paragraphs 1 through 36.

38.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

39.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

40.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

41.     Defendants admit that Walmart's policies do not authorize its associates to monitor or surveil a person solely based on race, color, ancestry, ethnicity, religion, sex, pregnancy, national origin, age, disability, marital status,

veteran status, sexual orientation, genetic information, or any other legally protected status. Defendants deny the remaining allegations set forth in this paragraph and strict proof thereof is demanded.

42.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

43.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

44.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

45.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

46.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

47.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

48.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded. Defendants deny that Plaintiff is entitled to any of the relief sought by way of the instant "WHEREFORE" clause.

## SECOND CLAIM FOR RELIEF
(42 U.S.C. SECTION 1982 – Against Defendants Walmart, Inc. and Pettigrew)

49.     Defendants hereby adopt, re-allege and incorporate by reference their responses to the allegations contained in paragraphs 1 through 36.

50.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

51.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

52.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

53.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

54.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

55.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.  Defendants deny that Plaintiff is entitled to any of the relief sought by way of the instant "WHEREFORE" clause.

THIRD CLAIM FOR RELIEF
(42 U.S.C. SECTION 1983 – Unlawful Seizure violation
of the Fourth Amendment against Defendant McNeely)

56.     The allegations set forth in this paragraph are not directed at/to these Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

57.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

58.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

59.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

60.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

61.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

62.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

63.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

64.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

65.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

66.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

67.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

68.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

69.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

70.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this

paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

71.    The allegations set forth in this paragraph are not directed at/to these

Defendants and do not require any response from these Defendants.  However, to

the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

72.    The allegations set forth in this paragraph are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded. Defendants further deny that Plaintiff is entitled to any of the relief sought by way of the instant "WHEREFORE" clause.

FOURTH CLAIM FOR RELIEF
(False Imprisonment - Defendants Pettigrew and Walmart)

73.    Defendants hereby adopt, re-allege and incorporate by reference their responses to the allegations contained in paragraphs 1 through 36.

74.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

75.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

76.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

77.    Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.

78.     Defendants deny the allegations set forth in this paragraph and strict proof thereof is demanded.  Defendants further deny that Plaintiff is entitled to any of the relief sought by way of the instant "WHEREFORE" clause.

FIFTH CLAIM FOR RELIEF
(False Arrest – Defendant McNeely)

79.     The allegations set forth in this paragraph are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

80.     The allegations set forth in this paragraph are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

81.     The allegations set forth in this paragraph are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

82.     The allegations set forth in this paragraph are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

83.     The allegations set forth in this paragraph are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded.

84.     The allegations set forth in this paragraph are not directed at/to these Defendants and do not require any response from these Defendants.  However, to the extent a response is necessary and/or required, the allegations set forth in this paragraph of Plaintiff's Complaint are denied and strict proof thereof is demanded. Defendants further deny that Plaintiff is entitled to any of the relief sought by way of the instant "WHEREFORE" clause.

85.     Defendants deny that Plaintiff is entitled to any of the relief sought in his multi-paragraph "PRAYER FOR RELIEF" immediately following paragraph no. 84 of Plaintiff's Complaint.

86.     Any and all allegations to which a specific response has not been previously provided is herein denied and strict proof thereof is demanded.

## **AFFIRMATIVE DEFENSES**

1.     Defendants affirmatively allege that probable cause supported Plaintiff's arrest and detention and that it was reasonable to believe that Plaintiff had committed a crime and/or was not lawfully upon the premises at issue given his prior theft and trespass warning.  Specifically, and without limitation, Plaintiff previously

shoplifted/stole from the Walmart store at issue, was arrested for that offense, was issued a trespass warning as a result of that offense, and was not permitted on the store's premises as a result thereof.

2.     Defendants affirmatively allege that there was a legitimate non-discriminatory basis to believe that Plaintiff was trespassing and/or was not lawfully upon the premises at issue.  Specifically, and without limitation, Plaintiff previously shoplifted/stole from the Walmart store at issue, was arrested for that offense, was issued a trespass warning as a result of that offense, and was not permitted on the store's premises as a result thereof.

3.     Defendants affirmatively allege that the underlying basis for Plaintiff's alleged detention and arrest was the result of a good-faith mistaken identity by Defendants and that any such mistaken identity was not based on Plaintiff's race or ethnicity, but rather similarities in appearances (for example, height, weight, build, complexion), and, as a result, Plaintiff is not entitled to recovery as a matter of law.

4.     Defendants did not intend or cause Plaintiff's confinement, if any, nor did Defendants have reason to believe that the confinement, if any, would result from their actions.  Specifically, and without limitation, the arresting officer confirmed the existence of probable cause supporting Plaintiff's arrest and/or reasonable suspicion supporting Plaintiff's detention.

5.     Plaintiff's confinement, if any, was warranted and reasonable under the circumstances.   Specifically   and   without   limitation,   Plaintiff   previously shoplifted/stole from the Walmart store at issue, was arrested for that offense, was issued a trespass warning as a result of that offense, and was not permitted on the store's premises as a result thereof.

6.     Plaintiff has failed to mitigate his damages in this case, if any.

7.     Defendants' actions were lawful pursuant to Section 812.015, Florida Statutes, and therefore any claim for false imprisonment is barred.

8.     Defendants are entitled to a set-off of all sums of money, settlement, judgment or payments otherwise received by the Plaintiff from any other party or non-party to this action.

9.     The incident in question and alleged damages were not proximately caused by the Defendants or other persons and/or entities subject to this Defendants' control.

10.     Upon information and belief, the evidence will show that there were sufficient intervening and superseding causes, over which these Defendants had no control. Accordingly, the Defendant submit that they are entitled to judgment or, alternatively, an apportionment of fault and an apportionment of damages.

The subject parties that may be liable include the co-defendant(s) named in this or any prior or subsequent complaint, and the Defendants incorporate by

reference the allegations made against them in the Complaint.  Should the Plaintiff settle with or dismiss any or all of these named co-defendants, then the Defendants would adopt and incorporate these same allegations against them.

11.    Defendants assert that Plaintiff's claims may be barred due to his trespass on the premises and/or application of the doctrine of assumption of the risk.

12.    Defendants further assert that Plaintiff's claims are barred because any injuries or damages alleged by Plaintiff were not reasonably foreseeable as a result of any actions by these Defendants.

13.    Defendants assert that they are entitled to a set-off for any collateral sources paid or payable for Plaintiff's alleged injuries and/or damages.

14.    Defendants assert that they have no custom, policy, practice, or procedure that provided the moving force or caused any of the alleged violations claimed by Plaintiff.

15.    Defendants assert that any and all actions taken by them, or on their behalf, were made in good faith, were not motivated by Plaintiff's protected status, and were done without the requisite malice/ill intent required to impose liability.

16.    Defendants submit that they are entitled to all defenses and immunities provided for in section 768.075, Florida Statutes, relating to trespassers.

17.    Defendants assert that Plaintiff's claims for damages are barred in whole or in part because they are too speculative.

## DEMAND FOR JURY TRIAL

Defendants request a trial by jury as to all issues so triable.

## PRAYER FOR ATTORNEY'S FEES AND COSTS

Defendants request an award of attorney's fees and costs pursuant to federal law, including 42 U.S.C. §§ 1981, 1982, and 1988.

**WHEREFORE**, the Defendants, WALMART, INC., D/B/A WALMART SUPERCENTER #967 and DAVID PETTIGREW, demand entry of judgment in their favor and against Plaintiff, and such further relief as this Court deems just and proper.

Respectfully submitted,

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Defendants Walmart Supercenter #967 and David Pettigrew
201 South Orange Avenue
Suite 400
Orlando, FL 32801
Telephone:  (407) 540-9170
Facsimile:  (407) 540-9171

By:___*s/ J. Marcos Martinez*_____
     Michael H. Kestenbaum
     Florida Bar No. 767301
     J. Marcos Martinez
     Florida Bar No. 44573
     LUKSTPA-Pleadings@LS-Law.com

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that on **April 14, 2023**, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record at their designated e-mail addresses for service.

<u>s/ J. Marcos Martinez</u>
    J. Marcos Martinez
    Florida Bar No. 44573

## <u>SERVICE LIST</u>

Law Offices of Harry M. Daniels, LLC
4751 Best Road Suite 490
Atlanta, GA 30337
Tel.: (678) 664-8529
Fax.: (800) 867-5248
daniels@harrymdaniels.com

Champions for Justice Law, LLC
100 S Ashley Dr., Suite 600
Tampa, Florida 33602
Tel.: (813) 449-4295
nharris@cfjlaw.com

Stokes Law Group
10150 Highland Manor Drive
Suite 200
Tampa, Florida 33602
Tel.: (813) 444-4156
Fax.: (813) 702-1976
Shaunette@stokeslegalcounsel.com