UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY NGOC NGUYEN,

     Plaintiff,

vs.                                                  CASE NO. 8:23-cv-00462-MSS-AEP

WALMART, INC. d/b/a WALMART
SUPERCENTER # 967, and DAVID
PETTIGREW, and DEPUTY MICHAEL
MCNEELEY, in his individual capacity,

     Defendants.

_____/

## DEFENDANT, DEPUTY MICHAEL MCNEELEY'S MOTION TO DISMISS THE THIRD, FOURTH, FIFTH AND SIXTH CLAIMS OF THE PLAINTIFF'S AMENDED COMPLAINT WITH MEMORANDUM OF LAW

The Defendant, DEPUTY MICHAEL MCNEELEY, in his individual capacity (hereinafter referred to as "Deputy McNeeley"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to enter an order dismissing the Plaintiff's Amended Complaint For Damages With Jury Demand, and states as follows:

1.    The Plaintiff, TONY NGOC NGUYEN (hereinafter referred to as "the Plaintiff"), has filed his (Amended) Complaint For Damages With Jury Demand (hereinafter referred to as "the Plaintiff's Complaint"), which consists of seven

claims for relief. (Doc. 21). The First, Second, and Fourth[1] Claims for Relief are each against the other two Defendants, WALMART, INC. d/b/a WALMART SUPERCENTER # 967, and DAVID PETTIGREW, and are not addressed in this Motion. The Third Claim for Relief alleges a federal violation by Deputy McNeeley of an Unlawful Seizure under the Fourth Amendment, with the claim being raised under 42 U.S.C. §1983. The Fourth Claim for Relief alleges a federal violation by Deputy McNeeley of an Unlawful Detention and Seizure under the Fourth Amendment, with the claim being raised under 42 U.S.C. §1983. (Doc. 21, ¶¶ 73-89). The Fifth Claim for Relief alleges a state law claim for False Arrest by Deputy McNeeley. The Sixth Claim for Relief alleges a state law claim for Unlawful Detention and Unlawful Arrest by Deputy McNeeley.

2.     The Plaintiff's alleged claims against Deputy McNeeley arise out of the arrest of the Plaintiff by Deputy McNeeley on November 27, 2022 for Trespassing at a Walmart Supercenter store located in Hernando County, Florida, in which David Pettigrew, the Loss Prevention Officer for the Walmart store, identified the Plaintiff as the person having been previously issued a trespass warning. (Doc. 21, ¶ 18).

3.     Deputy McNeeley moves to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as the Plaintiff has failed to state causes of action as to each of the Claims against Deputy McNeeley.

---

[1] There are two claims titled, "Fourth Claim for Relief."

4.      Deputy McNeeley is entitled to qualified immunity as to the Third and Fourth Claims in the Plaintiff's Complaint.

5.      The Fifth and Sixth Claims of the Plaintiff's Complaint are subject to dismissal on sovereign immunity grounds.

6.      Deputy McNeeley made a lawful arrest of the Plaintiff for trespassing, pursuant to Florida Statutes § 810.08 and § 901.15.

7.      The Fifth and Sixth Claims of the Plaintiff's Complaint are duplicative, making the Plaintiff's Complaint subject to dismissal.

8.      In the Wherefore paragraphs of the Fifth and Sixth Claims for Relief of the Plaintiff's Complaint, the Plaintiff prays for an award of damages including reasonable attorney's fees and costs. However, this specific request against Deputy McNeeley is not supported by law and should be dismissed.

## MEMORANDUM OF LAW

### I.      Standard Of Review

Under Rule 12(b)(6), a district court may dismiss a complaint that fails to state a claim upon which relief may be granted. See Fed. R. Civ. P.12(b)(6). In reviewing a motion to dismiss, all factual allegations in a complaint must be accepted as true and taken in the light most favorable to the plaintiff. Jackson v. Okaloosa County, 21 F.3d 1531, 1534 (11th Cir. 1994). A complaint must contain a short statement demonstrating entitlement to relief, and that statement must "give the [d]efendant

fair notice of what the Plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz v. Sorema N.A.,</u> 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). If the facts alleged in a complaint do not permit the Court to infer more than the mere possibility of misconduct, the complaint has not demonstrated entitlement to relief. <u>Ashcroft v. Iqbal,</u> 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868, (2009) (citing Fed. R. Civ. P. 8(a)(2)). The United States Supreme Court has stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."

<u>Ashcroft</u>, 556 U.S. at 678 (internal quotations and citations omitted).

## I.   <u>Deputy McNeeley Is Entitled To Qualified Immunity As To The Third And Fourth Claims Of The Plaintiff's Complaint</u>

Deputy McNeeley is asking that this Court find that he is entitled to qualified immunity as to the allegations of federal § 1983 violations of an Unlawful Seizure under the Fourth Amendment, as alleged in the Third Claim for Relief in the Plaintiff's Complaint, and Unlawful Detention and Seizure under the Fourth Amendment, as alleged in the Fourth Claim for Relief in the Plaintiff's Complaint.

"Because qualified immunity is an entitlement not to stand trial or face the other burdens of litigation, questions of qualified immunity must be resolved at the earliest possible stage in litigation." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (citations omitted). "It is therefore appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint fails to allege the violation of a clearly established constitutional right." Id. at 1233 (citation omitted).

Qualified immunity provides law enforcement officers with protection when they are performing discretionary functions and sued in their individual capacities as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)); Lewis v. City of West Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009). Qualified immunity allows law enforcement officers and other governmental officials to carry out their discretionary duties without the fear of personal liability or harassing litigation. Anderson v. Creighton, 43 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229, 112 S. Ct. 534, 537, 116 L.Ed.2d 589 (1991) (per

curiam); <u>Coffin v. Brandau</u>, 642 F.3d 999, 1017-1018 (11th Cir. 2011); <u>Willingham v. Laughnan</u>, 261 F. 3d 1178, 1187 (11th Cir. 2001). As "government officials are not required to err on the side of caution," qualified immunity is appropriate in close cases where a reasonable officer could have believed that his actions were lawful. <u>Lee v. Ferraro</u>, 284 F. 3d 1188, 1200 (11th Cir. 2002) (quoting <u>Marsh v. Butler County, Alabama</u>, 268 F. 3d 1014, 1031, n. 8 (11th Cir. 2001).

Deputy McNeeley was performing his discretionary duties and acting within the scope of his authority as a law enforcement officer at the time of the incident appearing in the Plaintiff's Complaint. The Third and Fourth Claims in the Plaintiff's Complaint each allege that Deputy McNeeley, at all times relevant, was acting within his capacity as a law enforcement officer for the Hernando County Sheriff's Office while acting under color of law. (Doc. 21, ¶¶ 59, 76). "[A] government official acts within [his] discretionary authority if the actions were (1) undertaken pursuant to the performance of his duties and (2) within the scope of his authority." <u>Jones v. City of Atlanta</u>, 192 F. App'x. 894, 897 (11th Cir. 2006) (per curiam). In this case, it is indisputable that Deputy McNeeley was acting within the scope of his discretionary authority as a law enforcement officer based upon the allegations appearing in the Plaintiff's Complaint.

After a public official establishes that his actions were within the scope of his discretionary authority, then the burden shifts to the plaintiff to establish that

qualified immunity does not apply. <u>Lewis</u>, 561 F.3d at 1291; <u>Lee</u>, 284 F.3d at 1194. Thus, the Plaintiff has the burden of showing that Deputy McNeeley is not entitled to qualified immunity. Accordingly, Deputy McNeeley is entitled to the presumption that he is qualifiedly immune from this suit.  It is the Plaintiff's burden to overcome qualified immunity by proving that Deputy McNeeley violated his clearly established constitutional rights of which a reasonable person would have known. See <u>Woodring v. Hart</u>, 2015 U.S. Dist. LEXIS 62029 (M.D. Fla. 2015).

The Supreme Court has set forth a flexible two-step test for determining whether an official is entitled to qualified immunity.  Although the Supreme Court has held that lower courts have flexibility to consider each step in any order, a plaintiff must nevertheless overcome each step.  <u>Pearson v. Callahan</u>, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed 2d 565 (2009). "The threshold inquiry a court must undertake in a qualified analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation." <u>Hope v. Pelzer</u>, 536 U.S. 730, 736, 122 S. Ct. 2508, 2513, 153 L. Ed. 666 (2002) (citing <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." <u>Wood v. Kesler</u>, 323 F. 3d 872, 877-878 (11th Cir. 2003) (quoting <u>Saucier</u>, 533 U.S. at 201). The second prong of the test requires the

court to determine whether the right was "clearly established." <u>Gonzalez</u>, 325 F. 3d at 1234.

The facts alleged in the Plaintiff's Complaint, even when viewed in the light most favorable to the Plaintiff, do not establish a constitutional violation. The Third and Fourth Claims of the Plaintiff's Complaint allege that Deputy McNeeley arrested the Plaintiff for trespassing based on reasonable suspicion rather than probable cause. (Doc. 21, ¶¶ 30, 56, 62, 73). However, section 1983 claims for an unlawful arrest based upon insufficient probable cause cannot exist in the presence of probable cause. <u>Paylan v. Bondi</u>, 2017 U.S. Dist. LEXIS 46493, at *22 (M.D. Fla. Feb. 28, 2017) (citing <u>Rankin v. Evans</u>, 133 F.3d 1425, 1435 (11th Cir. 1998) (stating probable cause is "an absolute bar" to a § 1983 claim alleging false arrest). "Probable cause exists if 'the facts and circumstances within the officer's knowledge, of which he or she has reasonable trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" <u>Post v. City of Fort Lauderdale</u>, 7 F.3d 1552, 1557-58 (11th Cir. 1993) (quoting <u>Von Stein v. Brescher</u>, 904 F.2d 572, 578 (11th Cir. 1990)).

According to the allegations in the Plaintiff's Complaint, Deputy McNeeley relied upon the information provided to him by one of the other Defendants, David Pettigrew, in order to establish actual probable cause for trespassing in order to arrest

the Plaintiff. The Plaintiff's Complaint alleges that Defendant Pettigrew advised Deputy McNeeley that the Plaintiff was currently inside the store and that the Plaintiff was the person who had been previously given a trespass warning, and then directed and pointed out the Plaintiff to Deputy McNeeley. (Doc. 21, ¶ 18). An officer may rely on a victim's criminal complaint to support probable cause. See Rankin, 133 F.3d at 1441; see also Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with a crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.").

Additionally, the mistaken arrest of one person (for whom no probable cause to arrest existed) based upon the misidentification of that person as a second person (for whom probable cause to arrest existed) does not violate the U.S. Constitution. Rodriguez v. Farrell, 280 F.3d 1341, 1345, 1347 n.15 (11th Cir. 2002) (citing Hill v. California, 401 U.S. 797, 28 L. Ed. 2d 484, 91 S. Ct. 1106 (1971)) ("The question is not whether the police could have done more; but whether they did just enough."). "[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." Id. at 802. Even more in favor of Deputy McNeeley is that in the instant case, probable cause for trespassing in order to arrest the Plaintiff, in fact,

did exist, as the Plaintiff's Complaint alleges that the Plaintiff had been trespassed from the same Walmart location in 2013 for shoplifting. (Doc. 21, ¶ 29). Additionally, the Plaintiff's Complaint alleges that when Deputy McNeeley informed the Plaintiff he had been trespassed from the store, the Plaintiff disclosed to Deputy McNeeley that he had been trespassed from the same Walmart store. (Doc. 21, ¶ 19). The Plaintiff's Complaint alleges sufficient facts to show that there was actual probable cause for trespassing in order to arrest the Plaintiff, and therefore, the Plaintiff has failed to show there was a violation of his clearly established constitutional rights by Deputy McNeeley.

If this Court were to determine that Deputy McNeeley lacked actual probable cause to make the arrest of the Plaintiff for trespassing, Deputy McNeeley would "still be insulated under the second prong of qualified immunity if he had 'arguable probable cause' to make the arrest." Towns v. Beseler, 2016 U.S. Dist. LEXIS 141158, at *19 n.12 (M.D. Fla. Oct. 12, 2016) (quoting Poulakis v. Rogers, 341 F. App'x 523, 526 (11th Cir. 2009)). Arguable probable cause exists when a reasonable officer in the same circumstances and with the same knowledge as the defendant could have believed that probable cause existed to arrest. See Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007). In conducting the qualified immunity analysis under the context of a false arrest claim, the issue is not whether probable cause existed in fact, but whether the officer had arguable probable cause to arrest. See

Paylan, 2017 U.S. Dist. LEXIS 46493, at *61 (citing Post, 7 F.3d at 1558 and Moore

v. Gwinnett Cty., 967 F.2d 1495, 1497 (11th Cir. 1992)). In other words, qualified

immunity applies if "a reasonable officer 'could have believed that probable cause

existed.'" Id. (quoting Moore, 967 F.2d at 1497). "Arguable probable cause does not

require an arresting officer to prove every element of a crime . . ., [because to require

so] would negate the concept of probable cause and transform arresting officers into

prosecutors." Lee, 284 F.3d at 1195 (quoting Scarbrough v. Myles, 245 F.3d 1299,

1302-03 (11th Cir. 2001)). Notably, arguable probable cause for an arrest is "a more

lenient standard than probable cause." Knight v. Jacobson, 300 F.3d 1272, 1274

(11th Cir. 2002). Furthermore, the Eleventh Circuit has "recognized that an officer

should not be held personally liable where the officer reasonably, but mistakenly,

concludes that probable cause is present." Kinzy v. Warren, 633 F. App'x 705, 707

(11th Cir. 2013). Therefore, Deputy McNeeley is entitled to qualified immunity as

to the Third and Fourth Claims for Relief in the Plaintiff's Complaint.

Additionally, the Plaintiff's Complaint alleges that Deputy McNeeley acted

with malicious, reckless, callous, and deliberate indifference, that his conduct was

done willfully, maliciously, in bad faith and in reckless disregard, that the

indifference was shocking and willful, that he was consciously aware, and that he

acted intentionally. (Doc. 21, ¶¶ 63, 64, 65, 67, 79, 80, 81, 82, 84). These allegations

are inapplicable as the arguable probable cause analysis is an objective one. Towns,

2016 U.S. Dist. LEXIS 141158, at *27 n.14 (M.D. Fla. Oct. 12, 2016). See also Rushing v. Parker, 599 F.3d 1263, 1266 (11th Cir. 2010) ("'The essence of qualified immunity analysis [as to arguable probable cause] is the public official's objective reasonableness, regardless of his underlying intent or motivation.' 'The standard is an objective one, and therefore does not include an inquiry in the officers' subjective intent or beliefs.'"). Therefore, the Third and Fourth Claims of the Plaintiff's Complaint against Deputy McNeeley should be dismissed.

## II.    The Fifth and Sixth Claims Of The Plaintiff's Complaint Are Subject To Dismissal On Sovereign Immunity Grounds

The Fifth and Sixth Claims for Relief of the Plaintiff's Complaint assert state law claims against Deputy McNeeley. (Doc. 21, ¶¶ 96-107). The Plaintiff's Complaint alleges that Deputy McNeeley is a deputy for the Hernando County Sheriff's Office, and that Deputy McNeeley, at all times relevant, was acting within his capacity as a deputy for the Hernando County Sheriff's Office. (Doc. 21, ¶¶ 4, 96, 103). The Fifth and Sixth Claims of the Plaintiff's Complaint also allege that Deputy McNeeley "acted in a manner exhibiting wanton and willful disregard of human rights of the Plaintiff to be free from an unlawful arrest and imprisonment." (Doc. 21, ¶¶ 100, 105, 106). Under Florida Statute Section 768.28(9)(a), Deputy McNeeley's actions that are within the course and scope of his employment are protected from suit, as long as Deputy McNeeley did not act "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human

rights, safety, or property." § 768.28, Fla. Stat. (2022). "The phrase 'wanton and willful disregard of human rights [or] safety,' as used in section 768.28(9)(a), has been interpreted as 'conduct much more reprehensible and unacceptable than mere intentional conduct,' Richardson v. City of Pompano Beach, 511 So. 2d 1121, 1123 (Fla. 4th DCA 1987), and 'conduct that is worse than gross negligence,' Sierra v. Associated Marine Insts., Inc., 850 So. 2d 582, 593 (Fla. 2d DCA 2003) (citation and internal quotation marks omitted)." Peterson v. Pollack, 290 So. 3d 102, 109 (Fla. 4th DCA 2020). "[U]nder Florida's standard jury instructions, 'wanton' behavior is defined as acting 'with a conscious and intentional indifference to consequences and with the knowledge that damage is likely to be done to persons or property,' and 'willful' conduct is defined as acting 'intentionally, knowingly and purposely.'" Butler v. Gualtieri, 41 F.4th 1329, 1336-37 (11th Cir. 2022).

That the Plaintiff's Complaint has pleaded that the acts were done in a manner exhibiting wanton and willful disregard of human rights is simply a legal conclusion without the requisite supporting factual allegations. See Brivik v. Law, 545 F. App'x 804, 807 (11th Cir. 2013) (allegation that Officer Law acted maliciously and in bad faith was conclusory and therefore insufficient to survive a motion to dismiss). In fact, the factual allegations in the Plaintiff's Complaint suggest that Deputy McNeeley did not act in a manner exhibiting wanton and willful disregard of human rights. According to the Plaintiff's Complaint, once Deputy McNeeley was able to

13

identify the Plaintiff, he apologized to the Plaintiff, and then proceeded to drive the Plaintiff home. (Doc. 21, ¶¶ 27-28). During the drive home, Deputy McNeeley allegedly received a phone call from his supervising sergeant requesting information on the Plaintiff. (Doc. 21, ¶ 28). Presumably at the direction of his supervisor, Deputy McNeeley allegedly stopped driving and waited with the Plaintiff while the sergeant conducted an investigation and discovered that the Plaintiff had been trespassed from the same Walmart store. (Doc. 21, ¶ 29). That Deputy McNeeley allegedly detained the Plaintiff while an investigation was conducted does not rise to the level of exhibiting a wanton and willful disregard of human rights. Therefore, the Court should find that Deputy McNeeley is immune from suit on the state law claims and dismiss the Fifth and Sixth Claims of the Plaintiff's Complaint against Deputy McNeeley on sovereign immunity grounds.

### III.   The Fifth Claim Of The Plaintiff's Complaint Against Deputy McNeeley Should Be Dismissed As Deputy McNeeley Made A Lawful Arrest Of The Plaintiff For Trespassing

Similar to the Third Claim (Unlawful Seizure), the Fifth Claim alleges that Deputy McNeeley arrested the Plaintiff for trespassing based on reasonable suspicion rather than probable cause. (Doc. 21, ¶¶ 30, 62, 97). Under Florida law, a person commits the offense of trespass in a structure or conveyance when he "willfully enters or remains in any structure or conveyance" without having been "authorized, licensed, or invited," or refuses to leave after having been asked to do

so by "a person authorized by the owner or lessee." § 810.08 Fla. Stat. (2022). The

Fifth Claim also alleges that Deputy McNeeley made a warrantless arrest without

probable cause in violation of Florida law.[2] (Doc. 21, ¶ 98). However, it is still lawful

for an arrest to be made without a warrant. See § 901.15, Fla. Stat. (2022). Under

Florida Statute section 901.15(1), a law enforcement officer may arrest a person

without a warrant when the person has committed a felony or misdemeanor in the

presence of the officer. Id. The Plaintiff's Complaint alleges that Deputy McNeeley

was directed by Defendant Pettigrew to where the Plaintiff was located inside the

Walmart store. (Doc. 21, ¶ 18). Thus, the Plaintiff was arguably trespassing in the

presence of Deputy McNeeley.[3] Additionally, under Florida Statute section

901.15(1), for misdemeanors, the arrest has to "be made immediately or in fresh

pursuit." Id. Under either subsection (2)(a) or (2)(b) of Florida Statute Section

810.08, trespassing is a misdemeanor offense. § 810.08 Fla. Stat. (2022). The

Plaintiff's Complaint alleges that Deputy McNeeley immediately arrested the

Plaintiff for trespassing. (Doc. 21, ¶ 19). Therefore, when Deputy McNeeley

immediately arrested the Plaintiff for the misdemeanor offense of trespassing that

---

[2] The Fifth Claim also alleges that the arrest of the Plaintiff was in violation of the Fourth Amendment to the United States Constitution. (Doc. 21, ¶ 98). However, this argument is duplicative of the alleged federal law violation in the Third Claim for Relief (Unlawful Seizure) of the Plaintiff's Complaint.

[3] According to the Plaintiff's Complaint, Deputy McNeeley's supervising sergeant informed him that the Plaintiff had been trespassed from the Walmart location in 2013 due to shoplifting. (Doc. 21, ¶ 29).

was still occurring within his presence, he did so lawfully under Florida Statute section 901.15(1) based on the allegations appearing in the Plaintiff's Complaint.

In regards to the allegation that there was no probable cause, the Plaintiff's Complaint alleges that Defendant Pettigrew advised Deputy McNeeley that the Plaintiff was currently inside the store and that the Plaintiff was the person who had been previously given a trespass warning and then directed and pointed out the Plaintiff to Deputy McNeeley. (Doc. 21, ¶ 18). In other words, a person with apparent knowledge and authority told Deputy McNeeley that the Plaintiff had "willfully enter[ed] or remain[ed]" in the Walmart store without having been "authorized, licensed, or invited." See § 810.08 Fla. Stat. (2022). Deputy McNeeley was entitled to rely upon the information provided to him by Defendant Pettigrew that the Plaintiff had been warned not to return to the Walmart store in order to conclude that the Plaintiff had committed trespassing. See Watkins v. Dubreuil, 820 F. App'x 940, 944 (11th Cir. 2020) (deputy entitled to rely on Walmart manager's statement to conclude that the offense of trespass had been committed). Therefore, Deputy McNeeley had actual probable cause to arrest the Plaintiff for trespassing, and thus, the Fifth Claim for Relief of the Plaintiff's Complaint should be dismissed.

## IV.    **The Fifth And Sixth Claims Of The Plaintiff's Complaint Are Duplicative**

The Fifth Claim of the Plaintiff's Complaint is titled, "False Arrest." (Doc. 21, p. 29). Similarly, the Sixth Claim of the Plaintiff's Complaint is titled "Unlawful

Detention and Unlawful Arrest." (Doc. 21, p. 30). Both the Fifth and the Sixth Claims plead that there was an "unlawful arrest and imprisonment." [4] (Doc. 21, ¶¶ 100, 105, 106). Therefore, the Fifth and Sixth Claims of the Plaintiff's Complaint are duplicative, making the Plaintiff's Complaint subject to dismissal.

## V.    The Fifth and Sixth Claims Of The Plaintiff's Complaint Are Also Subject To Dismissal As There Is No Legal Basis For Attorney's Fees Under Florida Law

In the Fifth and Sixth Claims for Relief of the Plaintiff's Complaint, the Plaintiff improperly demands attorney's fees. (Doc. 21, ¶¶ 102, 107). In the case of Pepper's Steel & Alloys, Inc. v. United States, 857 So. 2d. 462 (Fla. 2003) the Supreme Court of Florida reaffirmed the general rule that "under Florida law, each party generally bears its own attorney's fees unless a contract or statute provides otherwise." Id. at 465; see also Price v. Tyler, 890 So. 2d 246, 250 (Fla. 2004); State Farm Fire & Casualty Company v. Palma, 629 So. 2d 830, 832 (Fla. 1993) ("This Court has followed the 'American Rule' that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties."); Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1148 (Fla. 1985) (recognizing that the Supreme Court of Florida has adopted "the American Rule" that attorney's fees

---

[4] The Sixth Claim also alleges that the detention of the Plaintiff was in violation of the Fourth Amendment to the United States Constitution. (Doc. 21, ¶ 104). However, this argument is duplicative of the alleged federal law violation in the Fourth Claim for Relief (Unlawful Detention and Seizure) of the Plaintiff's Complaint.

may be awarded by a court only when authorized by statue or agreement of the parties."); <u>Kittel v. Kittel</u>, 210 So. 2d 1, 3 (Fla. 1967) ("It is an elementary principle of law in this state that attorney's fees may be awarded a prevailing party … (1) where authorized by contract; [and] (2) where authorized by a constitutional legislative enactment …").  Therefore, pursuant to controlling legal authority, the Plaintiff in the case at bar is only entitled to attorney's fees if a statute or contract provides for such fees.  Therefore, the Plaintiff's demand for attorney's fees in the Fifth and Sixth Claims of the Plaintiff's Complaint are subject to dismissal for a lack of a legal basis under Florida law.

## VI.    <u>Conclusion</u>

The Plaintiff's Complaint against Deputy McNeeley should be dismissed. Deputy McNeeley is entitled to qualified immunity as to the allegations of federal law violations in the Third and Fourth Claims in the Plaintiff's Complaint. The Fifth and Sixth Claims of the Plaintiff's Complaint are subject to dismissal on sovereign immunity grounds. Deputy McNeeley made a lawful arrest of the Plaintiff for trespassing, pursuant to Florida Statutes § 810.08 and § 901.15. The Fifth and Sixth Claims of the Plaintiff's Complaint are duplicative, making the Plaintiff's Complaint subject to dismissal. There is no legal basis under Florida law for the Plaintiff's demand for attorney's fees in the Fifth and Sixth Claims of the Plaintiff's Complaint.

WHEREFORE, the Defendant, DEPUTY MICHAEL MCNEELEY, sued in his individual capacity, moves this Court for an Order dismissing Plaintiff's Complaint based on the foregoing legal authority.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to the mandates of Local Rule 3.01(g), Local Rules of the U.S. District Court for the Middle District of Florida, the undersigned counsel, Damon S. Starrett, Esq., Counsel for the Defendants, attempted to confer with Harry M. Daniels, Esq., Counsel for the Plaintiffs, but was unable to reach him before the motion was filed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following: Harry M. Daniels, Esq., 4751 Best Rd, Suite 490, Atlanta, GA 30337, Norman Harris, Esq., 100 S. Ashley Dr., Suite 600, Tampa, FL 33602, and Shaunette L. Stokes, Esq., 10150 Highland Manor Dr., Suite 200, Tampa, FL 33602, Attorneys for Plaintiff.

/s/ Bobby G. Palmer, Jr.
BOBBY G. PALMER, JR., ESQ.
Florida Bar No. 398380
bpalmer@hilyardlawfirm.com
DAMON S. STARRETT, ESQ.

Florida Bar No. 36600
dstarrett@hilyardlawfirm.com
HILYARD, BOGAN & PALMER, P.A.
Post Office Box 4973
Orlando, Florida 32802-4973
Telephone:  (407) 425-4251
Facsimile:  (407) 841-8431
bpalmer@hilyardlawfirm.com
dstarrett@hilyardlawfirm.com
Attorneys for the Defendant, Deputy Michael
McNeeley