UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY NGOC NGUYEN,

    Plaintiff,

vs.                                  CASE NO. 8:23-cv-00462-MSS-AEP

WALMART, INC. d/b/a WALMART
SUPERCENTER # 967, and DAVID
PETTIGREW, and DEPUTY MICHAEL
MCNEELEY, in his individual capacity,

    Defendants.
_____/

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT MICHAEL
MCNEELEY'S MOTION TO DISMISS WITH MEMORANDUM OF LAW

    NOW COMES, Plaintiff, Tony Ngoc Nguyen, in his individual capacity (hereinafter referred to as "Plaintiff or Tony"), by and through his undersigned counsel, hereby responds to Defendant Michael Mcneeley's (hereinafter referred to as "Defendant Mcneeley") Motion to Dismiss Plaintiff's Complaint for Damages, and states as follows:

PERTINENT PROCEDURAL BACKGROUND AND FACTS

    On March 2, 2023, Plaintiff filed this action. Plaintiff stated federal and state claims with substantive facts to support each claim, sufficient to provide adequate notice to Defendants of his claim against each Defendant. [Doc. 2]. On March 29,

1

2023, Defendant Mcneeley filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure, Rules 12(b)(6). [Doc. 14]. On April 18, 2023, Plaintiff filed an amended complaint pursuant to FRCP 15 (a) (1)(B) as a matter of course. [Doc. 21]. On May 2, 2023, Defendant Michael Mcneeley filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to the Federal Rules of Civil Procedure, Rules 12(b)(6). [Doc. 25]. Plaintiff now responds to Defendant Mcneeley's Motion to Dismiss.

## MEMORANDUM OF LAW

**I.** Standard of Review

## ARGUMENT AND AUTHORITY

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Federal Rule of Civil Procedure (hereinafter FRCP) 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff may survive a motion to dismiss, however, under FRCP 12(b)(6) if the factual allegations in the Complaint give rise to a plausible claim for relief. See Ashcroft v. Iqbal, Id.; Bell

Atl. Corp. v. Twombly, Id. ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). For a claim to be plausible, the supporting factual matter must establish more than a mere possibility that the plaintiff is entitled to relief. See Iqbal, 556 U.S. at 678.  At the motion to dismiss stage for failure to state a claim, the district court must accept all well-pleaded allegations in the complaint as true and construing them in the light most favorable to Plaintiffs." Crawford's Auto Ctr. v. State Farm Mut. Auto. Ins. Co., 945 F.3d 1158 (11th Cir. 2019). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss for failure to state a claim, even if it is "improbable" that a plaintiff would be able to prove those facts; and, even if the possibility of recovery is extremely "remote and unlikely". Bell Atlantic Corp. v. Twombly, 550 U.S. at 556.

    **II.**    <u>Defendant McNeeley Is NOT Entitled to Qualified Immunity on Plaintiff's Third and Fourth Claims.</u>

Defendant McNeeley is asking that this Court find that he is entitled to qualified immunity as to the allegation of a federal § 1983 violation of an Unlawful Seizure under the Fourth Amendment, as alleged in the Third and Fourth Claims for Relief

in the Plaintiff's Amended Complaint. In support of his motion, Defendant McNeeley asserts that the Plaintiff's Amended Complaint fails to allege the violation of a clearly established constitutional right. Unfortunately for Defendant McNeely, the factual allegations in the Amended Complaint give rise to a plausible claim for relief and that Defendant McNeeley is not entitled to qualified immunity.

The purpose of qualified immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit 'all but the plainly incompetent or one who is knowingly violating the federal law. Willingham v. Loughnan, 261 F.3d 1178, 1187 (11th Cir.2001). The allegations within the Complaint states detail facts of Defendant McNeely's plain incompetency and his willingness to violate the Plaintiff's clearly established constitutional right under the Fourth Amendment to be secure in his person from an unlawful seizure. Based only on the allegation presented in the Complaint, the Court should conclude that Defendant McNeely did not have arguable probable cause to arrest the Plaintiff. Specifically, arguable probable cause did not exist to arrest the Plaintiff for trespassing despite the fact Defendant McNeely received a criminal complaint that the Plaintiff was trespassing that was initiated by Defendant Walmart's Loss Prevention Officer, Defendant David Pettigrew (hereinafter "Defendant Pettigrew"). Upon a cursory review of the Amended Complaint, this Court will find that the Plaintiff has alleged that Defendant

McNeely's reliance on Defendant Pettigrew's complaint that the Plaintiff was trespassing was unreasonable. A police officers may generally "rely on a victim's statement to support probable cause" absent allegations indicating that their reliance was unreasonable. See Allen, 2012 WL 2375330, at *2, 2012 U.S. Dist. LEXIS 86726, at *6–7 (citing Barr v. Gee, 437 Fed.Appx. 865, 877 (11th Cir.2011)); see also Mistretta v. Prokesch, 5 F.Supp.2d 128, 133 (E.D.N.Y.1998).   Here and as allege in Plaintiff's Amended Complaint, Defendant McNeely immediately placed Tony under arrest and handcuffs for trespassing. (Doc. 21, ¶ 19). At the time Defendant McNeely was placing handcuffs on Tony, he informed Tony that he had been trespassed from the store. (Doc. 21, ¶ 19). Tony disclosed to Defendant McNeely that he had been trespassed 10 to 15 years ago. Despite Tony's plea, Defendant McNeely arrested Tony and escorted Tony in handcuffs out to his patrol vehicle in the presence of other Walmart customers.  (Doc. 21, ¶ 19). Further alleged in the Amended Complaint, upon placing Tony in his patrol vehicle, Defendant McNeely returned inside the store to speak with Defendant Pettigrew. (Doc. 20, ¶ 12). Defendant Pettigrew confirmed that Cody had been trespassed from the store. (Doc. 20, ¶ 20).  Subsequently, Defendant McNeely went to his patrol car and look at his computer and after some time, Defendant McNeely exited his vehicle and disclosed to Lauren (Tony's girlfriend) that Tony (who he believed to be Cody) had been trespassed this year and that he was taking Tony to jail. (Doc. 20, ¶ 19). Despite

being previous told by Tony that that he was trespass 10 to 15 years ago and despite of being possession of Tony driver's license Defendant McNeely did not attempt to identify Tony prior to arresting Tony. (Doc. 20, ¶ ¶ 24, 27). As stated above, the allegations within the Amended Complaint states detail facts of Defendant McNeely's plain incompetency and his willingness to violate the Plaintiff's clearly established constitutional right under the Fourth Amendment to be secure in his person from an unlawful seizure. In <u>United States v. Mancini</u>, the court clearly described three levels of police-citizen encounters: "communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, brief `seizures' that must be supported by reasonable suspicion, and full-scale arrests that must be supported by probable cause." 802 F.2d 1326, 1329 (11th Cir. 1986). As alleged in the Amended Complaint, Defendant McNeely admitted *<u>that he originally arrested Tony for reasonable suspicious opposed to probable cause</u>*. (Doc. 21, ¶ 30. Thus, Defendant McNeely's actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Tony. Further, as alleged in the Amended Complaint, in an effort to whitewash Defendant McNeely's unlawful arrest of Tony and despite the fact Tony had been cleared from his earlier arrest due to the fact he was not Cody, Tony was detained on the side of the road in handcuffs while Defendant McNeely's supervising sergeant

conduct an investigation. In <u>Barnett v. Macarthur</u>, the Eleventh Circuit opined that an officer violated a person's Fourth Amendment right in furthering their detention without probable cause, and no reasonable officer could have believed there was probable cause to do so. No. 16-17179, at *26 (11th Cir. Oct. 30, 2017). Further, the court held that an officer is not entitled to qualified immunity from the § 1983 unlawful detention claim. <u>Id</u>. Defendant McNeely intentionally held Tony hostage in handcuffs in back of a police car on side of the road in efforts to conduct an investigate in efforts to whitewash Tony's originally illegal arrest. A reasonable inference can be inferred from allegations within the Amended Complaint, the only reason Tony was illegal detained and rearrested, an effort was afoot to justify the original arrest and nothing more. Thus, Defendant McNeeley is not entitled to qualified immunity on Plaintiff's Third and/or Fourth claims.

### III. <u>The Fifth and Sixth Claims of The Plaintiff's Complaint are NOT Subject to Dismissal on Sovereign Immunity Grounds</u>

Contrary to Defendant McNeely's argument, the Amended Complaint is well enumerated with the allegation that Defendant McNeely acted willfully, maliciously, and in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights. (Doc. 20, ¶ ¶ 64, 71, 79, 80, 81, 88, 104). Further, the allegations in the Amended Complaint are not conclusory. Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citing

Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss for failure to state a claim, even if it is "improbable" that a plaintiff would be able to prove those facts; and, even if the possibility of recovery is extremely "remote and unlikely". Bell Atlantic Corp. v. Twombly, 550 U.S. at 556. Here, the Amended Complaint shatters the notice requirement set forth by Bell Atlantic Corp. v. Twombly. Therefore, the Fifth and Sixth Claims of the Plaintiff's Amended Complaint as not subject to dismissal on the grounds of sovereign immunity.

    IV.    The Fifth Claim of The Plaintiff's Complaint Against Deputy McNeeley Should NOT Be Dismissed as Deputy McNeeley Made an Unlawful Arrest of The Plaintiff for Trespassing

Based only on the allegation presented in the Amended Complaint, this Court should conclude that Defendant McNeely did not have arguable probable cause to arrest the Plaintiff. Specifically, arguable probable cause did not exist to arrest the Plaintiff for trespassing despite the fact Defendant McNeely received a criminal complaint that the Plaintiff was trespassing that was initiated by Defendant Pettigrew. As stated above, Defendant McNeely immediately placed Tony under arrest and handcuffs for trespassing. (Doc. 21, ¶ 19). At the time Defendant McNeely was placing handcuffs on Tony, he informed Tony that he had been trespassed from the store. (Doc. 21, ¶ 19). Tony disclosed to Defendant McNeely that he had been trespassed 10 to 15 years ago. Despite Tony's plea, Defendant McNeely arrested Tony and escorted Tony in handcuffs out to his patrol vehicle in the presence of

other Walmart customers. (Doc. 21, ¶ 19). Further alleged in the Amended Complaint, upon placing Tony in his patrol vehicle, Defendant McNeely returned inside the store to speak with Defendant Pettigrew. (Doc. 20, ¶ 12). Defendant Pettigrew confirmed that Cody had been trespassed from the store. (Doc. 20, ¶ 20). Subsequently, Defendant McNeely went to his patrol car and look at his computer and after some time, Defendant McNeely exited his vehicle and disclosed to Lauren (Tony's girlfriend) that Tony (who he believed to be Cody) had been trespassed this year and that he was taking Tony to jail. (Doc. 20, ¶ 19). Despite being previous told by Tony that that he was trespass 10 to 15 years ago and despite of being possession of Tony driver's license, Defendant McNeely did not attempt to identify Tony prior to arresting Tony. (Doc. 20, ¶ ¶ 24, 27). Notably, this Court need not inquire pass the allegation in the Amended Complaint to determine whether Defendant McNeely had probable cause to arrest Tony for trespassing. As alleged in the Amended Complaint, Defendant McNeely admitted <u>that he originally arrested Tony for reasonable suspicious opposed to probable cause</u>. Pursuant to Fla. Stat. § 901.15, a law enforcement officer may arrest a person without a warrant when probable cause exists to do so.

## V. Conclusion

Based on the above and authority, the Plaintiff respectfully request this Honorable Court to DENY Defendant McNeely's Motion to Dismiss.

Respectfully Submitted

/s/ *Shaunette L. Stokes*
Shaunette L. Stokes
Florida Bar No. 109278

Stokes Law Group
10150 Highland Manor Drive
Suite 200
Tampa, Florida 33602
Tel.: (813) 444-4156
Fax.: (813) 702-1976
Shaunette@stokeslegalcounsel.com

Harry M. Daniels
Georgia Bar No. 234158
*(Pending Special Admission)*

Law Offices of Harry M. Daniels, LLC
4751 Best Road Suite 490
Atlanta, GA 30337
Tel.: (678) 664-8529
Fax.: (800) 867-5248
daniels@harrymdaniels.com

Norman Harris
Florida Bar No. 0077474

Champions for Justice Law, LLC
100 S Ashley Dr., Suite 600
Tampa, Florida 33602
Tel.: (813) 449-4295
nharris@cfjlaw.com

I HEREBY CERTIFY that on this 23rd day of May 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

Michael H. Kestenbaum
Luks, Santaniello, Petrillo, Cohen & Peterfriend
201 South Orange Avenue
Suite 400
Orlando, FL 32801
Email: mkestenbaum@insurancedefense.net

J Marcos Martinez
Luks & Santaniello, LLC
FL 150 W Flagler Street
Suite 2600
Miami, FL 33130
305-377-8900
Email: mmartinez@insurancedefense.net


Bobby G. Palmer, Jr.
Hilyard, Bogan & Palmer, PA
105 E Robinson St - Suite 201
PO Box 4973
Orlando, FL 32802
Email: bpalmer@hilyardlawfirm.com